# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00341-MR
# CRIMINAL CASE NO. 1:11-cr-00107-MR-DLH-1

| | |
|---|---|
| ROBERT LYLE HITT, ) ) Petitioner, ) ) vs. ) ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's "Motion to Amend and for Reconsideration" [CV Doc. 8].[1]

The Petitioner pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [CR Doc. 30]. On March 20, 2013, the Petitioner was sentenced to a term of 144 months' imprisonment. [CR Doc. 53]. The Petitioner did not file a timely notice of appeal. Instead, he filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that his attorney had

---

[1] Because this Memorandum and Order references documents contained on the docket in both Petitioner's civil case and in his criminal case, the Court will cite to documents from Petitioner's civil case with the prefix "CV" and from his criminal case with the prefix "CR."

provided ineffective assistance by not filing a timely notice of appeal and arguing that his criminal history score was improperly calculated in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). [CR Doc. 70]. This Court granted the § 2255 motion to the extent that the Court entered an amended judgment to allow the Petitioner to file a timely notice of appeal, and the Court dismissed the Petitioner's remaining claims without prejudice. [CR Doc. 71].

After this Court granted Petitioner an extension of time to file his notice of appeal, the Petitioner appealed to the Fourth Circuit, arguing that this Court had erred in holding that his prior conviction supported a criminal history category of II and that he should be allowed to raise this issue despite the appellate waiver in his plea agreement. See United States v. Hitt, No. 15-4283, Doc. 16 (4th Cir.). On October 23, 2015, the Fourth Circuit dismissed the appeal, holding that "the issue [Petitioner] seeks to raise on appeal falls squarely within the compass of his waiver of appellate rights." [CR Doc. 90 at 1].

In November 2015, this Court granted Petitioner's motion to reduce his sentence pursuant to Sentencing Guidelines Amendment 782 and reduced his sentence to 121 months of imprisonment. [CR Doc. 92].

On October 18, 2016, the Petitioner filed another motion to vacate, again arguing that the Court incorrectly calculated his criminal history score. [CV Doc. 1]. The Court denied the Petitioner's motion to vacate on January 30, 2017, and denied a certificate of appealability. [CV Docs. 6, 7]. The Petitioner did not appeal.

More than sixty (60) days later, on April 3, 2017, the Petitioner filed the present "Motion to Amend and for Reconsideration," seeking to amend his prior Motion to Vacate to include a claim for ineffective assistance of counsel at sentencing. [CV Doc. 8].

The Court may grant a motion to amend even after judgment has been entered against a petitioner. Puzey v. United States, No. 3:00-CR-57-16, 2014 WL 11381083, at *3 (N.D.W. Va. July 25, 2014) (citing Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (stating "a district court may not deny such a motion simply because it has entered judgment against the plaintiff"). The Court, however, "may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Laber, 438 F.3d at 427.

Here, the Court finds no reason to vacate its prior Judgment. By his proposed amendment, the Petitioner seeks to cast his claim regarding the

3

calculation of his criminal history category in the form of an ineffective assistance of counsel claim. [See CV Doc. 8]. As the Court noted in its prior Order, however, the Petitioner's criminal history category was correctly calculated. Further, the Petitioner cannot show any prejudice, particularly when the Court varied downward to sentence him essentially as if he had no criminal history. [See CV Doc. 6 at 3, 8]. Accordingly, the Petitioner's motion to amend and/or for reconsideration is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion to Amend and for Reconsideration" [CV Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge